

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 31, 1969

Honorable Bevington Reed                    Opinion No. M-365
Commissioner of Higher Education
Sam Houston State Office Building    Re:  Whether establishment of
Austin, Texas  78701                      a Center as recommended
                                          by the Coordinating Board,
                                          Texas College and Univer-
                                          sity System, requires
                                          specific authorizing legis-
Dear Dr. Reed:                            lation.

        In your letter requesting the Attorney General to ren-
der an opinion on the above question, you advised that the Co-
ordinating Board, Texas College and University System, has
adopted a recommendation reading as follows:

        "That there be established immediately a
Center in Laredo to offer upper-division college-
level work giving special emphasis to upper-
division programs in teacher education and busi-
ness administration leading to the baccalaureate
degree.

        "The Board is of the opinion that the Center
should be administered by Texas A&I University,
which has a distinctive teacher education program
and is rapidly developing a bilingual business
administration program with a grant from the fed-
eral government.

        "The Coordinating Board is of the further
opinion that Texas A&I can provide these facili-
ties through contract with Laredo Junior College
for the use of its appropriate facilities.  The
use of the Center by Laredo residents can demon-
strate to the Coordinating Board the effectiveness
of higher educational opportunities in helping to
solve the problems of the region and can serve to
support a recommendation for the ultimate estab-
lishment of a free-standing upper-division master's
level institution in Laredo."

        You advised us, further, that the Southern Association

- 1802 -

of Colleges and Schools, through the college delegate assembly, establishes the standards by which institutions in Texas are accredited by that regional organization, and that said association defines a Center in the following terms:

"A center is a non-degree granting division or unit of an institution, located in a geographical setting separated from the parent institution and established for a stated purpose in relation to the parent institution and to the area served. The center shall have a pattern or sequence of courses which leads to terminal programs or degrees on the parent campus or at other degree granting institutions.

"The center shall operate under the supervision of an administrative officer responsible to the parent institution. Its admission requirements and procedures, courses to be offered, and faculty shall have the approval and be under supervision of the appropriate departments on the home campus. Each course offered shall have physical facilities (including space and equipment) and library holdings equivalent to those required for the same course on the home campus. Academic requirements and instructional quality shall be equivalent to those maintained at the parent campus.

"For the purposes of identification, the parent institution must indicate on its transcripts the name of the center where courses are completed."

Subsequent to your request for an opinion we have received the following information from your office:

"In making its recommendations on Laredo, the Coordinating Board:

"a)   Did not intend to create a permanent installation in Laredo by Texas A&I University. (note the language in the recommendation, emphasis added.)

"'The use of the Center by Laredo residents can demonstrate to the Coordinating Board the effectiveness of higher educational opportunities in helping to solve the problems of the region and can serve to support a recommendation for the ultimate

<u>establishment of a free-standing upper-division</u>
<u>master's level institution in Laredo.</u>'

"b)   Considered a 'center' as a <u>place</u> where
extension work may be done.

"c)   Recognized that offering extension
courses was within the present role of Texas A&I
University.

"d)   Did not believe that the establishment
of a center would establish or create any univer-
sity system because a 'center' has no individual
life within itself but draws life from the in-
stitution offering extension services.

"e)   Understood that this concept of a
'center' is in agreement with the accreditation
definitions of the Southern Association of
Colleges and Schools, ie. a center is a place
where one does extension work, and as long as
students do a prescribed portion of their cur-
riculum on the Texas A&I campus for the degree
the Association will judge it as a 'Center.'

"f)   Determined that extension work as
described above would be the only function of
the 'Center.'

"g)   Believed that a 'system' is made up of
independent units, each of which has a life of
its own and each of which can exist and function
without the other units, all of which are under
a common Board of Governance."

The duties of the Coordinating Board, Texas College
and University System, are defined in Section 10 of the Higher
Education Coordinating Act of 1965 (Article 2919e-2, Vernon's
Civil Statutes); and, insofar as creation of such Center is
concerned, the Board's duties are set forth in sub-sections
(3) and (9) of said Section 10, in the following language:

"Sec. 10.   The Board shall represent the
highest authority in the State in matters of
higher public education and shall

\* \* \* \*

"(3)   Classify, and <u>prescribe the role and</u>

scope for, each public institution of higher
education in Texas and make such changes in
classification or role and scope of such insti-
tutions as it deems necessary.

* * * *

"(9) Make continuing studies of the needs
of the State for research and for extension and
public services and designate the institutions
of higher education to perform research, public
service and extension programs, including limita-
tion of extension programs for credit to specific
geographic areas." (Emphasis added.)

Texas A&I University is among the institutions subject
to the provisions of the Higher Education Coordinating Act of
1965. Article 2919e-2, Section 2, subdivision (c). Therefore,
the Coordinating Board must prescribe that university's role
and scope within the State's higher education system, in com-
pliance with Section 10(3) of the Act. The act of the Coordi-
nating Board, authorizing establishment of such Center, as a
facility of Texas A&I University, wholly managed by and dependent
upon that institution, broadens the role and scope for Texas
A&I University, as an institution of higher education, by pro-
viding educational services for a given area of the State,
through its central campus and its Center at Laredo. Thus, in
authorizing creation of the Center at Laredo, the Board will
have done exactly as it is authorized to do in Section 10(3)
of the Coordinating Act.

Section 10(9) of the Coordinating Act requires the
Board to designate those institutions which are to carry out
educational extension services within the State. The program
to be carried out at the proposed Center, in offering specified
college level courses for credit from Texas A&I University,
will be an extension program of that university. Therefore,
the Coordinating Board, in addition to having prescribed an
aspect of the education role and scope of Texas A&I University,
will have complied with the Legislature's direction that the
Board designate the institutions to carry out extension pro-
grams. Texas A&I University has been designated by the Board
as the institution to carry out an extension program in that
area of Texas, through a Center in Laredo.

The Board, having had authority delegated to it as
"the highest authority in the State in matters of public edu-
cation," clearly has the authority and duty to act, with ad-
ditional legislative affirmance of its acts, within the area

of its delegated powers and duties.  Within that area lie prescription of the educational role and scope for each educational institution covered by the Act, and a designation of the institutions to carry out extension programs, without geographic limitation.  Since the Board, in recommending establishment of the Center, has acted wholly within the scope of the powers and duties delegated to it, there exists no need for legislative affirmance of such action.

## S U M M A R Y

Establishment of a Center at Laredo, to be administered by Texas A&I University, as recommended by the Coordinating Board, Texas College and University System, will not require specific legislative authorization prior to its inauguration.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rick P. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Charles Parrett
Neil Williams
Fisher Tyler
Robert C. Crouch

W. V. GEPPERT
Staff Legal Assistant